LOTTINGER, Judge.
This suit is an action in tort by Robert Hutchinson, individually, and on behalf of his minor son, Mike Hutchinson, for personal injuries resulting from an accident between a bicycle driven by young Hutchinson and an automobile driven .by Alex Karnofsky. The defendants are Mr. Kar-nofsky and his liability insurer, American Indemnity Company. The Lower Court gave judgment in favor of defendants and petitioner has appealed.
The facts show that on May 16, 1954, at between 8:00 and 8:20 o’clock P.M. defendant was driving his automobile westerly along Government Street in the City of Baton Rouge. At the same time, young Hutchinson was driving his bicycle westerly along Government Street. As both vehicles approached Thirteenth Street the accident occurred, causing the injuries to young Hutchinson.
Petitioner contends that defendant’s automobile struck the bicycle from the rear causing young Hutchinson' to fall to the pavement where he received a severe blow to the back of his head. The defendant, on the other hand, contends that the light at the intersection of Thirteenth Street was red, and that he was almost stopped when young Hutchinson attempted to pass him on his right and between his car and cars that were parked along the right or north curb of Government Street. Defendant contends that in attempting to pass through this narrow space the handle bars of the bicycle sideswiped the right front fender of the automobile causing the boy to fall and strike his head.
Suits were filed both in the 19th Judicial District Court, Parish of East Baton Rouge, and in the Federal District Court for the *61 Eastern District of Louisiana, Baton Rouge Division. Trial on the merits was held in the Federal Court, which resulted in a mistrial. The suit was then submitted to the 19th Judicial District Court upon the record in the Federal Court. The Lower Court found no negligence on the part of defendant and rendered judgment in favor of defendant.
There is no question but that the left handle bar of the bicycle came into contact with the right front fender of the automobile at a point of at least two feet behind the bumper of the automobile. Although young Hutchinson claims that he was struck from the rear, both the defendant and his wife claim that they did not see the boy prior to the accident, and that had he been in the front of the automobile they certainly would have seen him. Mrs. Karnofsky testified that, as her husband was stopping for the red light, she noticed something attempting to pass the car and striking it. She said that it all happened in a split second, that she screamed, and her husband brought the car to an immediate stop. Mr. Karnofsky testified that he did not see the boy at all, but only stopped because he heard his wife scream. After the impact he remained in his car stunned for a few seconds, then got out of the car, and first saw the boy standing on the sidewalk holding his bicycle and crying. One of petitioner’s witnesses, who claims to be an eye witness, was a man by the name of Jessie Young. He stated that he was standing on the sidewalk when he heard the automobile brakes skidding, and saw the automobile strike the bicycle. He said that, after the impact, the right front wheel of the car was standing on the rear wheel of the bicycle. This latter testimony of this witness was entirely refuted by the bicycle which was introduced as evidence. Although the bicycle was bent up, neither of the wheels had been crushed, as was testified by Young. Furthermore, all of the other witnesses testified that cars were parked all along the north side of Government Street, whereas Young testified that no cars were parked on'the street. The Lower Court gave little or no weight to the testimony of Young because of the two reasons given above, as well as the fact that he was not contacted to be a witness until some four or five months after the accident. Assuming that cars were parked along the street as testified by the other witnesses, Young admitted that he would not have been able to see the accident.
Young Hutchinson was a boy of eleven years at the time of the accident. He appeared very hazy with regard to many important details, however, this could have been caused by the blow to his head. He did admit that his father had been telling him about the accident, and it appears that much of his testimony was not of his own knowledge. His father was 'not an eye witness to the accident. Young Hutchinson did testify that, as he was riding along, his right handle bar was from ten to twelve inches from the cars parked on the north side of the street. If this were so, it appears to tis that he must have been passing between the parked cars and ears in the lane of traffic, otherwise he should have allowed more space. Another witness for defendant was Policeman Watts. He added little to the case except that he saw small marks on the street which were apparently made by the bicycle and saw no automobile skid marks. He did not' appear upon the scene until some time after the accident when all parties thereto had left. He also testified to the scratch marks on the automobile, and further testified that he charged Mr. Karnofsky with reckless driving.
Petitioner makes much of the fact of this reckless driving charge to which Mr. Kar-nofsky pleaded guilty. However, the testimony of the policeman indicates that he had no sound basis of charge, and Mr. Kar-nofsky only pleaded guilty so as not to waste time from his business by having to appear for trial in City Court. He pre-: ferred to pay a fine of $10 than to spend several hours maintaining a plea of not guilty.
*62 As to the physical facts of the accident the Lower Court said:
“When the case was submitted to the Court the bicycle ridden by Mike was offered in evidence. The appearance of the bicycle, in my opinion, does not warrant the conclusion that it was struck from behind. More than this, in my opinion, the bicycle thoroughly discredits the testimony of Jessie Young that the front wheel of the Karnofsky car ran over and rested upon the rear wheel of the bicycle. This rear wheel bore no- evidence of having been crushed by the weight of the Karnofsky automobile. Indeed after the collision neither wheel of the bicycle was so damaged that it would not turn over. Aside this, it was shown, and I believe admitted, that after the accident Mike pulled or pushed the bicycle some distance down Government Street. This would hardly have been possible had a heavy automobile been run into or over the rear wheel.
“The photographs of the Karnofsky car offered in evidence, in my opinion refute the testimony of both young Hutchinson and the negro Jessie Young to the effect that the automobile struck the bicycle from behind.
“From the scratches on the right front fender of the Karnofsky vehicle which are shown in the photographs, it would appear that Mike was to the right of this car, and as he was attempting to pass the same on the right side he came so close to it that the metal handle bars of the bicycle scraped the right fender of the automobile. If this conclusion be correct, the bicycle could not have been struck from behind.”
We feel that the petitioners have failed to sustain their burden of proving negligence on the part of the defendant. Both Mr. & Mrs. Karnofsky testified that the boy was not in front of the automobile prior to the accident. They both further testified that had he been in front of the automobile they certainly would have seen him. Neither Mr. nor Mrs. Karnofsky had anything to gain or lose by their testimony as they were adeguately covered by liability insurance.
We have been unable to find any error on the part of the Lower Court. Of course, as to facts, the error must be manifest in order for a judgment of reversal to be entered. We not only find no error below, but we are entirely in accord with the opinion of the Lower Court.
For the reasons given, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.